No. 98-225

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 291N

IN RE CUSTODY OF B.N.T., a Minor Child

KENNY TROMP,

Petitioner and Respondent,

and

WENDY ELIZABETH MARIE ROANE COLE,

Respondent and Appellant.

APPEAL FROM: District Court of the Fourth Judicial District,

In and for the County of Missoula,

The Honorable John S. Henson, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Christopher Daly, Attorney at Law, Missoula, Montana

For Respondent:

Byron Boggs, Attorney at Law, Missoula, Montana

Submitted on Briefs: October 1, 1998

Decided: December 3, 1998

Filed:

_____

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

**¶1. Pursuant to Section I, paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.**

**¶2. Kenny David Tromp filed a petition for custody of his daughter, B.N.T., in the District Court of the Fourth Judicial District in Missoula County. After a hearing, a special master submitted proposed findings of fact and conclusions of law to the District Court. Wendy Elizabeth Marie Roane Cole, the child's mother, moved for a rehearing and to extend the deadline for filing her objections to the special master's findings and conclusions. The District Court denied her motions. Wendy appeals. We affirm.**

**¶3. There are two issues on appeal:**

**¶4. 1. Did the District Court err when it denied Wendy's motion for a rehearing?**

**¶5. 2. Did the District Court err when it rejected Wendy's request to file objections to the special master's recommended findings of fact and conclusions of law?**

FACTUAL BACKGROUND

**¶6. B.N.T. was born in Missoula in October 1993 to Kenny David Tromp and Wendy Elizabeth Marie Roane Cole. Kenny and Wendy separated in April 1995 and shared custody of B.N.T. thereafter.**

**¶7. In October 1996, Kenny petitioned the District Court of the Fourth Judicial District in Missoula County for sole custody of the child. Wendy and Kenny elected to have their case heard by a special master. A hearing before the special master was**

held on December 16, 1997, at which Kenny and Wendy, their respective counsel, and a guardian ad litem for the child appeared. Kenny's fiancee at the time also testified; Wendy's boyfriend and roommate at the time did not appear. Various reports and documentary evidence were also submitted at the hearing.

¶8. On January 5, 1998, the special master filed recommended findings of fact and conclusions of law with the District Court. The special master awarded primary custody of B.N.T. to Kenny and ordered Wendy to pay approximately $200 per month for child support.

¶9. Shortly after the special master's recommendations were filed, Wendy retained new counsel. On January 13, she filed an unopposed motion to extend the time period in which to file objections to the recommendations, and time was extended to January 30, 1998. On January 26, 1998, prior to filing her objections, Wendy made a motion for rehearing. She asserted that she had not been allowed sufficient opportunity to meet with her counsel prior to the December hearing, and that she had not been given sufficient opportunity to present testimony at the hearing. In addition, she requested that the deadline by which to file her objections be stayed until the District Court decided her motion for rehearing. On January 29, Kenny filed his objection to the motion for rehearing; he did not expressly object to the request to stay the deadline.

¶10. On February 10, 1998, the District Court denied the motion for rehearing and the request to stay the deadline. Wendy filed a motion to reconsider the denial. The District Court denied the request to reconsider.

## ISSUE 1

¶11. Did the District Court err when it denied Wendy's motion for a rehearing?

¶12. We review a district court's decision regarding a motion for rehearing to determine whether the district court abused its discretion. *See Kneeland v. Luzenac, Inc.*, 1998 MT 136, ¶ 54, 961 P.2d 725, ¶ 54, 55 St. Rep. 541, ¶ 54.

¶13. Wendy contends that the District Court erred when it denied her motion for rehearing. Her motion relied on what she claims was a lack of preparation with her counsel at the time, and the related failure to call her boyfriend and a counselor who

had worked with the parties as witnesses. Wendy alleges that her right "to have full legal redress" entitles her to supplement the testimony from the hearing with that of the two individuals. Kenny disputes Wendy's claim that she prepared with counsel no more than one-half hour for the hearing, and further asserts that the special master's findings and conclusions reflect the fair consideration that was given to B.N. T.'s best interests. For these reasons, he contends that the District Court did not abuse its discretion when it denied the rehearing.

¶14. Wendy cites no authority for her alleged right to have additional witnesses testify. Similarly, she provides no legal support for her claim that insufficient preparation time with her counsel renders the hearing that was conducted on the merits legally inadequate. She offers no factual support for her claim that she was prevented from rebutting accusations regarding her boyfriend. Finally, and most importantly, Wendy has failed to demonstrate how the lack of testimony from these two individuals skewed the special master's determination of the child's best interests.

¶15. The record reveals that Wendy had ample opportunity to testify at the hearing. In addition, it indicates that the special master considered at length the opinion of one of the "missing" witnesses, counselor Phyllis Burreson, which was admitted in the form of her written report. Finally, the record clearly demonstrates that the special master considered and gave primary weight to B.N.T.'s best interests, which represents the ultimate concern in this matter. *See* § 40-4-212, MCA.

¶16. The District Court considered these factors and further noted that reopening the litigation to permit the additional testimony would be neither efficient nor fair. We agree.

¶17. A motion for rehearing is within the sound discretion of the District Court. Wendy has failed to establish that the District Court abused its discretion. Accordingly, we affirm the District Court's denial of the motion for rehearing.

## ISSUE 2

¶18. Did the District Court err when it rejected Wendy's request to file objections to the special master's recommended findings of fact and conclusions of law?

¶19. Wendy contends that the District Court denied her the right to due process

when it refused to permit her to file objections to the special master's findings and conclusions after it denied her motion for rehearing. She contends that by denying her the opportunity to file objections, the District Court has denied her right to have the case determined on the merits. Wendy also asserts that she was not given sufficient notice about her need to file objections in the event that the petition for rehearing was denied. She also relies on the fact that Kenny did not expressly object to the request for a stay of the January 30 deadline which was made pursuant to the motion for rehearing. In other words, Wendy contends that the District Court should have decided the motion for rehearing and the request for a stay of the deadline separately, and that its failure to do so was error, although she once again has provided no legal authority for her claim.

¶20. Wendy apparently chose not to file her objections by the January 30 deadline in reliance on her hope that the findings to which she planned to object would be supplemented with additional testimony, pursuant to her motion for rehearing. She apparently felt that there was no need to duplicate her objections, or to make objections to the "incomplete" findings and conclusions in their present state. She admits in her brief that she could have made objections based on the initial findings and, on that basis, that she should have been allowed by the District Court to do so after it denied her motion for rehearing. We are more persuaded, however, by the admission that she could have filed her objections by January 30 but nonetheless failed to do so. She was, of course, free to rely exclusively on her motion for rehearing as the method by which she hoped to achieve a result different from the one proposed by the special master. However, having done so, she is not in a position to complain about the consequences.

¶21. The January 30 deadline for filing objections was never expressly set aside, nor has Wendy ever asserted that a different deadline applied. For Wendy to prevail here, we would essentially have to recognize her assumption that merely by filing for a stay of the deadline she had a right to expect that the request would be granted and that the deadline would change. However, there is no basis for giving such legal effect to a party's motion.

¶22. Accordingly, the District Court did not err when it enforced the original January 30 deadline and denied Wendy the opportunity to file objections after her motion for rehearing was denied.

**¶23. We affirm the decision of the District Court.**

/S/ TERRY N. TRIEWEILER

We Concur:

/S/ J. A. TURNAGE

/S/ W. WILLIAM LEAPHART

/S/ WILLIAM E. HUNT, SR.

/S/ KARLA M. GRAY